An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-263

Filed: 1 September 2015

Guilford County, Nos. 11 JA 238-41, 11 JT 238-41

IN THE MATTER OF: A.L.M.M., J.D.W., C.D.M., and M.L.M.

Appeal by respondents from order entered on 11 February 2013 by Judge H. Thomas Jarrell, Jr. and order entered on 11 December 2014 by Judge Betty J. Brown in District Court, Guilford County. Heard in the Court of Appeals on 17 August 2015.

> *Guilford County Department of Health and Human Services, by Mercedes O. Chut, for petitioner-appellee.*
>
> *Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for respondent-appellant mother.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Joyce L. Terres, for respondent-appellant father.*
>
> *Tawanda N. Foster, for guardian ad litem.*

STROUD, Judge.

Respondents, the mother and father of the juveniles A.L.M.M., J.D.W.[1], C.D.M., and M.L.M., appeal from an order directing the Guilford County Department of Health and Human Services ("DHHS") to file a petition to terminate their parental

---

[1] Respondent-father is not the father of J.D.W. The trial court also terminated the parental rights of J.D.W.'s biological father, but he is not a party to this appeal.

rights and a subsequent order terminating their parental rights. After careful review, we affirm both orders.

On 19 April 2011, DHHS filed petitions alleging that A.L.M.M., J.D.W., C.D.M., and M.L.M. were neglected and dependent juveniles. DHHS alleged that respondent-father had been drinking and driving with the children in the car and had been incarcerated on charges of child abuse and driving while impaired. DHHS further alleged that respondent-mother had difficulty providing proper care and supervision to the juveniles as a single parent and had placed the juveniles in the Baptist Children's Home for respite care on 15 April 2011. The juveniles were taken into non-secure custody and were subsequently adjudicated dependent in an order entered on 17 June 2011.

In an 11 February 2013 order, the trial court directed DHHS to file a petition to terminate respondents' parental rights. On 16 April 2013, DHHS filed a petition to terminate respondents' parental rights. On 11 December 2014, the trial court entered an order in which it determined that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (6) (2013) to terminate respondents' parental rights. The trial court further concluded that it was in the best interests of the juveniles that respondents' parental rights be terminated. Accordingly, the trial court terminated their parental rights. Respondents appeal.

Respondents' counsel have filed no-merit briefs on respondents' behalf in which they state that they have made a "conscientious and thorough review" of the record and trial transcript and were unable to identify any issues of merit on which to base an argument for relief. Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), respondents' counsel request that this Court conduct an independent examination of the case. *See* N.C.R. App. P. 3.1(d). In accordance with Rule 3.1(d), counsel wrote respondents advising them of counsel's inability to find error, their filing of a "no-merit" brief, and of respondents' right to file their own arguments directly with this Court within thirty days of the date of the filing of the no-merit briefs. *See id.* Counsel also provided to respondents copies of the trial transcript and record. Respondents have not filed their own written arguments.

After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's 11 February 2013 order directing DHHS to file a petition to terminate respondents' parental rights or the trial court's 11 December 2014 order terminating respondents' parental rights. Accordingly, we affirm both orders.

AFFIRMED.

Judges GEER and TYSON concur.

Report per Rule 30(e).